## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PATRICIA WALKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| SC REALTY SERVICES, INC., | ) | |
| Serve Registered Agent: | ) | **JURY TRIAL DEMANDED** |
| David M. Harvey | ) | |
| 11225 College Blvd. Suite 120, | ) | |
| Overland Park, KS 66210 | ) | |
| | ) | |
| LANE'S ENTERPRISES, INC., | ) | |
| f/k/a LANE'S CLEANING, INC. | ) | |
| Serve Registered Agent: | ) | |
| Donald S. Lane | ) | |
| 7725 Woodland | ) | |
| Shawnee, KS 66218 | ) | |
| | ) | |
| **Defendants.** | ) | |

### DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

### COMPLAINT

COMES NOW Plaintiff, Patricia Walker ("Plaintiff"), by and through the undersigned counsel, and states and alleges as follows against Defendants SC Realty Services, Inc. and Lane's Enterprises, Inc. f/k/a Lane's Cleaning, Inc. ("Defendants").

### NATURE OF THE CLAIM

1.      This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C. §2000e *et seq.* (Title VII), and for retaliation in violation of Title VII.

### PARTIES

2.     Plaintiff, at all times relevant to the allegations herein, was a resident of the State of Missouri and employed by Defendants SC Realty Services, Inc. and Lane's Enterprises, Inc. f/k/a Lane's Cleaning, Inc., and working for Defendants in Overland Park, Kansas.

3.     Defendant SC Realty Services, Inc. ("SC Realty") is a Kansas corporation authorized to and conducting business in the State of Kansas. SC Realty offers janitorial services to commercial real estate owners and property managers in the Kansas City area.

4.     Defendant Lane's Enterprises, Inc. f/k/a Lane's Cleaning, Inc. ("Lane's Enterprises") is a Kansas corporation authorized to and conducting business in the State of Kansas. Defendant Lane's Enterprises offers janitorial services to commercial real estate owners and property managers in the Kansas City area.

5.     Defendant SC Realty and Lane's Enterprises have a common identity of interests and share a corporate headquarters located at 11225 College Blvd #120, Overland Park, KS 66210.

6.     Defendant SC Realty and Defendant Lane's Enterprises each exerted sufficient control over Plaintiff's employment, and otherwise shared or co-determined matters governing the essential terms and conditions of Plaintiff's employment, that Defendants were joint employers of Plaintiff under Title VII.

**<u>JURISDICTION AND VENUE</u>**

7.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this matter presents a question of federal law.

8.     This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367.

2

9.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

10.      Plaintiff timely filed a Charge of Discrimination, alleging sex discrimination and retaliation against Defendant SC Realty, with the Kansas Human Rights Commission ("KHRC") and Equal Employment Opportunity Commission ("EEOC") on or about March 16, 2015. *A true and accurate copy of that charge is attached hereto as Exhibit A and is incorporated herein by reference.*

11.      Plaintiff timely filed a Charge of Discrimination, alleging sex discrimination and retaliation against Defendant Lane's Enterprises, with the KHRC and EEOC on or about March 16, 2015. *A true and accurate copy of that charge is attached hereto as Exhibit B and is incorporated herein by reference.*

12.      Thereafter, on or about October 15, 2015, Plaintiff received a Notice of Right to Sue regarding her Charge of Discrimination filed against SC Realty. *A true and accurate copy of the Notice is attached as Exhibit C and is incorporated herein by reference.*

13.      Thereafter, on or about October 15, 2015, Plaintiff received a Notice of Right to Sue regarding her Charge filed against Lane's Enterprises. *A true and accurate copy of the Notice is attached as Exhibit D and is incorporated herein by reference.*

14.      This action has been timely filed with this Court and Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATIONS

3

15.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

16.    Plaintiff and her husband were co-owners/operators of Magic Touch Cleaning Inc., a commercial cleaning business, for more than 20 years until they sold the business in 2014.

17.    In October 2014, Plaintiff and her husband sold Magic Touch Cleaning, Inc. to SC Realty Services.

18.    SC Realty owns and operates Lane's Enterprises, Inc. f/k/a Lane's Cleaning, Inc.

19.    As part of the purchase agreement, Plaintiff was to work for the new owner of SC Realty and Lane's Enterprises, in the role of Vice President of Sales and Marketing.

20.    Plaintiff and SC Realty Services, Inc. entered into an employment agreement ("Employment Agreement"), effective October 1, 2014,  the terms of which include but are not limited to, SC Realty's agreement to employ Plaintiff for a period of at least two years beginning October 1, 2014, unless at least one of the following conditions applies:

      a.  Plaintiff or SC Realty terminates the contract, "without cause," upon 30 days' written notice;

      b.  SC Realty terminates the contract "for cause," with "cause" defined as, "the inability of Employee, through sickness or other incapacity, to perform her duties under this Agreement for a period in excess of fifteen (15) substantially consecutive days; dishonesty; theft; conviction of, or a plea of guilty or no-contest to, a crime; abuse of alcohol or drugs; unethical business conduct; or a material breach of this Agreement," or "the failure of Employee for any reason, within ten (10) days after receipt by Employee of written notice thereof from Employer, to correct, cease or otherwise alter any insubordination, failure to comply with instructions or other action or omission to act

which Employer believes does or may materially or adversely affect its business or operations";

c. SC Realty discontinues operating business within the Kansas City metropolitan area; or

d. Plaintiff is terminated for "disability" as defined in the Employment Agreement.

*A true and accurate copy of Plaintiff's Employment Agreement is attached hereto as Exhibit E and incorporated herein by reference.*

21.     In October 2014, David Harvey ("Harvey"), the owner and President of SC Realty and Lane's Enterprise's, became Plaintiff's supervisor.

22.     While several employees worked for SC Realty and Lane's Enterprises, only one employee held an equivalent position as, or was similarly situated to, Plaintiff – a male employee who was Defendants' Vice President of Operations.

23.     During Plaintiff's short time working for Defendants, Harvey harassed and discriminated against her based on her sex, female.

24.     Harvey commented about Plaintiff's attractive appearance on multiple occasions.

25.     For example, Harvey told Plaintiff that she is attractive and all of his sales force should look like her.

26.     Additionally, in customer meetings, Harvey would make discriminatory and degrading comments directed at Plaintiff, such as telling people that looking at spreadsheets makes Plaintiff "go cross-eyed," so as to suggest that Plaintiff was essentially a "pretty face" and added no further value.

27.     Harvey regularly acted in a very domineering manner toward Plaintiff, to make clear to Plaintiff that he considered her, as a female, to be subordinate and inferior to him.

28.     For example, Harvey would write in emails to Plaintiff, "You work for me now." Harvey further regularly micromanaged Plaintiff's work and questioned her work activities, including by routinely demanding she identify with whom she had been meeting and the length of such meetings.

29.     Harvey further interfered with and inhibited Plaintiff's ability to do her job by routinely neglecting to provide Plaintiff with vital information and resources.

30.     Harvey's discriminatory and harassing conduct toward Plaintiff otherwise interfered with her job by creating an offensive, intimidating, degrading, and humiliating work environment for Plaintiff.

31.     Harvey did not micromanage Plaintiff's male counterpart, the Vice President of Operations, or otherwise act domineering toward him.

32.     Harvey further did not comment on the appearance of Plaintiff's male counterpart.

33.     Harvey treated Plaintiff unfairly and less favorably than her male counterpart with regard to the terms, conditions, and privileges of her employment, because of her sex, female.

34.     In December 2014, Plaintiff confronted and complained to Harvey about his discriminatory and harassing treatment of her.

35.     Plaintiff's husband also confronted Harvey in December 2014 about his discriminatory and harassing treatment of Plaintiff. Harvey responded to the effect that he and Plaintiff were not spending time together at night or outside of the office. Plaintiff was not aware of any such accusation to begin with.

36.     Shortly after Plaintiff and her husband complained to Harvey concerning his discriminatory and harassing treatment of Plaintiff, Defendants terminated Plaintiff's employment in January 2015.

37.     Defendants' purported reasoning for Plaintiff's termination was that she allegedly breached her employment agreement and engaged in breaches of fiduciary duties.

38.     However, the purported reasoning for Plaintiff's termination was false.

39.     The true reason for which Plaintiff was terminated was due to sex discrimination and harassment, and/or in retaliation for Plaintiff's complaints of sex discrimination and harassment.

40.     Defendant SC Realty terminated Plaintiff's employment in violation of the Employment Agreement between SC Realty and Plaintiff, because Plaintiff's termination was for discriminatory and/or retaliatory reasons, not for proper "cause" as defined in the Employment Agreement, and Defendant SC Realty improperly terminated Plaintiff's employment "without cause" by failing to provide Plaintiff 30 days' written notice of her termination without cause.

41.     Plaintiff has been damaged as a result of Defendants' sex discrimination/harassment and retaliation, in ways including but not limited to incurring lost wages and suffering emotional distress.

42.     Plaintiff has been damaged by Defendant SC Realty's breach of her Employment Agreement in ways including but not limited to incurring lost wages.

43.     At all times mentioned herein, before and after, the above-referenced individuals, including David Harvey, were agents, servants, and employees of Defendants SC Realty and Lane's Enterprises, and were at all such times acting within

the course and scope of their employment, or their actions were expressly authorized or ratified by Defendants. Defendants are therefore liable for the actions of said persons and/or perpetrators under all theories pled herein.

**COUNT I**
**Title VII – Sex Discrimination and Harassment**
**(42 U.S.C. § 2000e *et seq.*)**
**Against All Defendants**

COMES NOW Plaintiff and for Count I of her Complaint against Defendants SC Realty and Lane's Enterprises, alleges and states as follows:

44.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

45.     During the course and scope of Plaintiff's employment, Defendants' representatives, including David Harvey, while acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination and harassment of Plaintiff based on her female gender, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

46.     The harassment and discrimination to which Defendants subjected Plaintiff was sufficiently severe and pervasive that it had the purpose and effect of unreasonably interfering with Plaintiff's the terms, conditions, and privileges of Plaintiff's employment, and created an intimidating, hostile and offensive working environment for Plaintiff.

47.     The conduct as described herein would have offended a reasonable person of the same gender in Plaintiff's position.

48.     Management-level employees of Defendants, including David Harvey, knew or should have known of the sex discrimination and harassment described herein

but failed to take appropriate action to address the discrimination and further failed to implement effective and appropriate procedures to stop and remedy the gender discrimination and harassment.

49.    Defendants, through their agents and employees, including David Harvey, engaged in the discriminatory and harassing conduct described herein with malice or reckless indifference to Plaintiff's federally protected rights.

50.    The actions and conduct set forth herein were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to deter Defendants and others from like conduct.

51.    As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages, including lost wages and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendants SC Realty and Lane's Enterprises, jointly and severally, on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination and harassment prohibited by 42 U.S.C. §2000e *et seq*; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert fees as provided by 42 U.S.C. § 2000e 5(k); and for such other relief as this Court deems just and proper.

### COUNT II
### Title VII – Retaliation
### (42 U.S.C. § 2000e et seq.)
### Against All Defendants

COMES NOW Plaintiff and for Count II of her Complaint against Defendants SC Realty and Lane's Enterprises, and states and alleges as follows:

52.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

53.    Plaintiff complained to Defendants, and specifically to David Harvey, of the sex discrimination and harassment to which Defendants subjected Plaintiff.

54.    Plaintiff's complaints of sex discrimination and harassment constituted a legally protected activity under Title VII.

55.    By reason of Plaintiff's complaints, Defendants retaliated against Plaintiff resulting in Plaintiff's discharge from employment for false alleged reasons.

56.    At all times mentioned herein, before and after, the above-mentioned individuals, including David Harvey, were agents, servants, and employees of Defendants and were at all times acting within the course and scope of their employment.

57.    Defendants' retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

58.    At the time Defendants retaliated against Plaintiff, Defendants knew that such retaliation was unlawful.

59.    The actions and conduct set forth herein was outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

60.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has suffered and will continue to suffer damages including emotional distress and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendants SC Realty and Lane's Enterprises, jointly and severally, on Count II of her Complaint, for a finding that she has been subjected to unlawful retaliation prohibited by 42 U.S.C. §2000e *et seq*.; for an award of compensatory and punitive damages; equitable relief; for her costs expended; for her reasonable attorneys' fees and expert fees provided by 42 U.S.C. § 2000e 5k and for such other relief as this Court deems just and proper.

**<u>COUNT III</u>**
**Breach of Contract**
**Against Defendant SC Realty Services, Inc.**

61.     For Count III of Plaintiff's Complaint, Plaintiff incorporates by reference all of the allegations in the preceding paragraphs as though fully set forth herein.

62.     A written Employment Agreement existed between Plaintiff and Defendant SC Realty, the terms of which include, but are not limited to, that Defendant SC Realty Services, Inc. would employ Plaintiff for a period of at least two years, beginning October 1, 2014, unless at least one of the following conditions applies:

> a.   Plaintiff or SC Realty terminates the contract, "without cause," upon 30 days' written notice;
>
> b.   SC Realty terminates the contract "for cause," with "cause" defined as, "the inability of Employee, through sickness or other incapacity, to perform her duties under this Agreement for a period in excess of fifteen (15) substantially consecutive days; dishonesty; theft; conviction of, or a plea of guilty or no-contest to, a crime; abuse of alcohol or drugs; unethical business conduct; or a material breach of this Agreement," or "the failure of Employee for any reason, within ten (10) days after receipt by Employee of written notice thereof from Employer, to correct, cease or otherwise alter any insubordination, failure to comply with instructions or other action or omission to act

which Employer believes does or may materially or adversely affect its business or operations";

c. SC Realty discontinues operating business within the Kansas City metropolitan area; or

d. Plaintiff is terminated for "disability" as defined in the Employment Agreement.

*(Exhibit E, Sections 1, 10.01-.04)*

63.     The Employment Agreement was made between parties capable of contracting, and contained mutual obligations and valid consideration.  Plaintiff has performed all conditions precedent, if any, required of Plaintiff under the Agreement.

64.     Throughout the course of the agreement, Plaintiff has fully performed all of her obligations therein, has been willing to perform in compliance with the Agreement, and has been hindered in such performance by the conduct and/or actions of Defendant.

65.     Defendant failed and refused to perform its obligations in accordance with the terms and conditions of the Agreement by terminating Plaintiff's employment in violation of the Agreement.

66.     Plaintiff thereby suffered damages in the form of lost wages.

67.     Plaintiff is entitled to be compensated to the full extent as provided by the Agreement.

WHEREFORE, Plaintiff prays for judgment against Defendant SC Realty Services, Inc. on Count III of her Complaint, for a finding that Defendant breached the contract held with Plaintiff, for an award of compensatory damages, pre-judgment and post-judgment interest as provided by law; and for such other and further relief as this Court deems just and proper, including equitable relief.

# JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all Counts stated herein.


RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By: ___/s/ *Anne Schiavone*_____
       Anne Schiavone, KS Bar #19669
       Kathleen M. Dunnegan, KS Bar #25362
       4600 Madison Avenue, Suite 810
       Kansas City, Missouri 64112
       TEL: (816) 283-8738
       FAX: (816) 283-8739
       aschiavone@hslawllc.com
       kdunnegan@hslawllc.com

       ATTORNEYS FOR PLAINTIFF