IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICIA WALKER,                          )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )        Case No. 15-cv-9932-JAR-TJJ
                                          )
SC REALTY SERVICES, INC.,                 )
                                          )
                        Defendant.        )

## MEMORANDUM AND ORDER[1]

This matter is pending before the Court on Defendant SC Realty Services, Inc.'s Motion to Strike Jury Demand (ECF No. 10).  Pursuant to Fed. R. Civ. P. 39(a)(2), Defendant requests that the Court strike Plaintiff's jury demand based upon a contractual jury trial waiver in Plaintiff's Employment Agreement with Defendant.  Plaintiff opposes the motion, arguing that the waiver is not enforceable, because it did not survive termination of the Employment Agreement. As explained below, the Court finds Plaintiff knowingly and voluntarily waived her right to a trial by jury, the jury waiver applies to all three claims asserted by Plaintiff in this case, and the waiver is enforceable after termination of the Employment Agreement. The motion is granted.

---

[1] This motion is being decided by a memorandum and order rather than a report and recommendation because the decision whether a party is entitled to a jury trial is not dispositive of a party's claim or defense under Fed. R. Civ. P. 72(b) and a motion to strike jury demand is not one of the motions listed under 28 U.S.C. § 636(b)(1)(A). *See Moreno v. Qwest Corp.*, No. 13-CV-00103-RM-MEH, 2013 WL 2444720, at n.1 (D. Colo. June 5, 2013) ("A motion seeking an order to strike a jury demand raises a non-dispositive issue."); *United States v. Carlson*, No. 06-cv-00275-WYD-MEH, 2006 WL 2869122, at n.1 (D. Colo. Oct. 6, 2006) ("Because consideration of a party's right to a jury trial is not dispositive of a claim or a defense of a party, an Order by the Magistrate Judge, subject to appeal under the clear error standard of Fed. R. Civ. P. 72(a), is appropriate, rather than a Recommendation pursuant to Fed. R. Civ. P. 72(b).").

## I.      RELEVANT FACTS

Plaintiff and her husband, Gary Walker, sold their commercial cleaning business to Defendant on October 1, 2014. As part of the asset purchase agreement, Plaintiff was to work for Defendant.  Plaintiff and Defendant negotiated the terms of the purchase for more than three months and Plaintiff signed an Employment Agreement, effective October 1, 2014. Plaintiff was represented by an attorney during negotiation of the purchase and specifically negotiation of the Employment Agreement.  The final version of the Employment Agreement included the following jury trial waiver provision, which was inserted in lieu of an arbitration provision:

> 12.12 Waiver of Jury Trial. Employer and Employee hereby irrevocably and unconditionally waive any right that they may have to a trial by jury in any action involving, directly or indirectly, any matter (whether sounding in tort, contract, or otherwise) in any way arising out of, related to, or connected with this Agreement or any ancillary agreement or the relationship established hereunder or thereunder.[2]

In January 2015, Defendant terminated Plaintiff's employment. Plaintiff alleges that Defendant unlawfully terminated her employment due to her complaints of sex discrimination and harassment.  Defendant claims that it lawfully terminated Plaintiff's employment for cause under the Employment Agreement.

On December 24, 2015, Plaintiff filed her Complaint asserting claims for (1) sex discrimination and harassment under Title VII of the Civil Rights Act of 1964, (2) retaliation under Title VII, and (3) breach of the Employment Agreement. In her Complaint, Plaintiff demanded a trial by jury on all counts.  Defendant then filed this motion to strike Plaintiff's demand for trial by jury, arguing that Plaintiff waived her right to jury trial in this case under the terms of the Employment Agreement.

---

[2] Employment Agreement, ECF No. 1-5, § 12.12.

## II.      NATURE OF THE DISPUTE

Defendant argues Plaintiff's demand for a jury trial should be stricken because Plaintiff knowingly and intentionally waived her right to a jury trial pursuant to the express terms of her Employment Agreement. Defendant contends the jury trial waiver provision governs disputes following the termination of Plaintiff's employment and applies to all Plaintiff's claims, including her discrimination and retaliation claims.

Plaintiff argues jury waiver clauses are disfavored and courts indulge every reasonable presumption against waiver because the right to a jury trial in a civil case is a fundamental right guaranteed by the Seventh Amendment to the Constitution. Plaintiff contends that the jury waiver expired when the Employment Agreement was terminated. According to Plaintiff, the jury trial waiver is not enforceable because it expired upon termination of her employment with Defendant and the Employment Agreement does not contain a "survival clause" explicitly stating that the jury waiver survives beyond the termination of the Employment Agreement.

## III.      LAW REGARDING MOTIONS TO STRIKE JURY DEMAND

"The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment."[3]  Trial by jury is a vital and cherished right, integral in the judicial system.[4] Furthermore, because "the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."[5]

---

[3] *Jacob v. City of New York*, 315 U.S. 752, 752 (1942).

[4] *City of Morgantown, W. Va. v. Royal Ins. Co.*, 337 U.S. 254, 258 (1949).

[5] *Aetna Ins. Co. v. Kenney to Use of Bogash*, 301 U.S. 389, 393 (1937).

In cases filed in federal courts, this right to a jury trial is governed by federal law.[6]  The procedural aspects of the right to trial by jury in the federal courts are governed by Federal Rules of Civil Procedure 38 and 39.  Under Rule 38(a), the parties' right of trial by jury as declared by the Seventh Amendment or as provided by a federal statute is preserved "inviolate."[7]  Rule 39(a) provides that when a party has demanded a jury trial under Rule 38, a jury trial must be awarded on all issues demanded unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial."[8]

Parties may contractually waive the right to trial by jury and in the Tenth Circuit "[a]greements waiving the right to trial by jury are neither illegal nor contrary to public policy."[9]  But the jury trial waiver must be "knowing and voluntary."[10]  In interpreting whether a waiver of jury trial was knowing and voluntary, courts often conduct a balancing analysis as to:

> (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract terms.[11]

---

[6] *Simler v. Conner*, 372 U.S. 221, 222 (1963) (the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions to insure uniformity in exercise required by the Seventh Amendment).

[7] Fed. R. Civ. P. 38(a).

[8] Fed. R. Civ. P. 39(a)(2).

[9] *Telum Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citing *McCarthy v. Wynne*, 126 F.2d 620, 623 (10th Cir. 1942)).

[10] *Webster Capital Fin., Inc. v. Newby*, No. 12-2290-EFM, 2013 WL 589626, at *3 (D. Kan. Feb. 14, 2013); *Boyd v. U.S. Bank Nat'l Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *17 (D. Kan. Sept. 26, 2007) (finding the relevant inquiry is whether a jury trial waiver was "knowing and voluntary" and noting that courts have applied this knowing and voluntary standard to jury trial waivers in Title VII cases).

[11] *Webster Capital*, 2013 WL 589626, at *3; *Boyd*, 2007 WL 2822518, at *18 (citing *Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379, 1384 (D. Nev. 1994)).  *See also Telum*, 859 F.2d at

The Tenth Circuit has not directly determined which party has the burden of proving the knowing and voluntary nature of the waiver.[12] But cases from this District addressing the issue have placed the burden on the party seeking to enforce the contractual jury trial waiver.[13] This Court agrees with the *Webster Capital* and *Boyd* cases on this issue. The burden is appropriately placed on the party seeking to enforce the contractual waiver, due to the importance of the right being waived, a right guaranteed by the Seventh Amendment and to be preserved "inviolate."[14] In the employment agreement context, placing the burden on the party seeking to enforce the contractual jury waiver—typically the employer—is appropriate due to the inherent inequality of bargaining power and risk of coercion by the employer in negotiating the employment agreement.[15]

## IV.   WHETHER PLAINTIFF KNOWINGLY AND VOLUNTARILY WAIVED HER RIGHT TO A JURY TRIAL

Plaintiff does not dispute the jury trial waiver was knowing and voluntary. But as Defendant bears the burden, the Court has analyzed and considered whether Defendant has shown Plaintiff's waiver was knowing and voluntary under the five factors typically analyzed by courts.

---

837 (noting that cases refusing to uphold contractual jury waiver provisions relied on facts such as inconspicuous fine print or a gross disparity in bargaining power to invalidate the jury waiver provisions).

[12] *See Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992) (recognizing a circuit split but not resolving the issue of whether the party seeking to enforce a contractual jury trial waiver bears the burden to show the waiver was knowing and voluntary).

[13] *Webster Capital,* 2013 WL 589626, at *3; *Boyd*, 2007 WL 2822518, at *18.

[14] Fed. R. Civ. P. 38(a).

[15] *See* Chester S. Chuang, *Assigning the Burden of Proof in Contractual Jury Waiver Challenges: How Valuable is Your Right to a Jury Trial?* 10 Employee Rts. & Emp. Pol'y J. 205, 222–230 (2006).

First, as Defendant points out, the jury waiver clause was conspicuous in the Employment Agreement as it was located in its own paragraph, was printed in the same font size as the rest of the Employment Agreement (not a smaller font), and was clearly labeled "Waiver of Jury Trial," with the label underscored. Plaintiff makes no argument she was unaware Defendant added the waiver provision.

Second, the Court finds no evidence of a gross disparity in the bargaining power of the Plaintiff and Defendant. Plaintiff and her husband operated their commercial cleaning business for over twenty years before selling essentially all of the business assets to Defendant for $1.34 million. The asset purchase agreement, as well as the Employment Agreement executed by Plaintiff and Defendant were the result of over three months of negotiation.  Plaintiff rejected Defendant's proposed arbitration clause and Defendant ultimately agreed to remove the clause. This suggests little disparity in the bargaining power between the parties. Plaintiff makes no argument to the contrary.

The third factor is the business or professional experience of the party opposing the waiver.  Plaintiff's operation of a commercial cleaning business for over twenty years supports the conclusion that Plaintiff had sufficient business and professional experience to understand the jury waiver clause. Again, Plaintiff does not contend otherwise.

With regard to the fourth factor, Defendant argues, and Plaintiff does not dispute, that the Employment Agreement was the product of negotiations between the parties for more than three months over the sale of Plaintiff's business assets to Defendant, during which Plaintiff was represented by legal counsel.  As part of the parties' negotiation of the agreement, Plaintiff rejected Defendant's proposed arbitration provision and proposed a "Dispute Resolution" clause requiring that "any judicial proceedings arising out of or relating to the[e] Agreement" would be

filed in Johnson County, Kansas district court or federal district court in Kansas.  After approximately a month of negotiations, Defendant agreed to remove the arbitration clause and Plaintiff agreed to the addition of a jury waiver provision. Thus, the parties clearly had an opportunity to negotiate the terms of the Employment Agreement, including specifically the jury waiver provision.

The Court therefore finds, after weighing the factors, that Defendant has met its burden of showing Plaintiff's waiver of her right to a jury trial, as set forth in the Employment Agreement, was made knowingly and voluntarily.

## V.     WHETHER THE  JURY TRIAL WAIVER APPLIES TO ALL PLAINTIFF'S CLAIMS ASSERTED IN THIS CASE

The Court next addresses the scope of the jury trial waiver to determine whether the waiver applies to all the claims asserted by Plaintiff in this case.  Defendant argues that when Plaintiff entered into the Employment Agreement, she waived her right to a jury trial for claims arising out of, related to, or connected with her employment contract or her employment at SC Realty. Defendant argues that all three of the Plaintiff's claims—sex discrimination in violation of Title VII, retaliation in violation of Title VII, and breach of contract—arise directly out of her employment with Defendant, and therefore Plaintiff waived a jury trial with respect to all three claims under the Employment Agreement.

Under Section 12.12 of the Employment Agreement, the parties agreed to waive their right to a trial by jury in "any action involving, directly or indirectly, any matter (whether sounding in tort, contract, or otherwise) in any way arising out of, related to, or connected with this Agreement or any ancillary agreement or the relationship established hereunder or thereunder."  The Court agrees with Defendant that this language includes Plaintiff's claims "arising out of, related to, or connected with" the Agreement or her employment relationship

7

established with Defendant under the Employment Agreement.  The Court notes that at least two courts have held that a plaintiff's waiver of her right to jury trial in an employment contract also applied to the plaintiff's claims arising under federal and state discrimination statutes.[16]  In a case from the District of Kansas, *Boyd v. U.S. Bank National Ass'n*,[17] the court found that under the plain language of the waiver, the plaintiff's Equal Credit Opportunity Act claim was within the scope of the jury waiver provision in the guaranty. The *Boyd* court concluded that the plaintiff's claim fell within the scope of the provision because it is "related to" the guaranty.[18] Similarly, in *Moreno v. Qwest*,[19] the District of Colorado—in granting the defendant's motion to strike jury demand—found the broad language of the jury waiver provision in a stock option agreement also applied to the plaintiff's employment discrimination claims. In *Moreno*, the agreement waived the right to a jury trial for claims related to the stock option agreement "and any other claim related to [the plaintiff's] employment."[20]

Under the plain language of the jury waiver at issue here, the Court concludes that the waiver applies to Plaintiff's claim for breach of the Employment Agreement, as well as her Title VII sex discrimination and harassment, and retaliation claims.  All three claims arise out of,

---

[16] *See Montalvo v. Aerotek, Inc.*, No. 5:13-CV-997-DAE, 2014 WL 6680421, at *14 (W.D. Tex. Nov. 25, 2014) (finding employment agreement waiving right to trial by jury "in any dispute arising out of or in any way related to this agreement or the issues raised by any such dispute" applied to the plaintiff's discrimination and retaliation claims); *Brown v. Cushman & Wakefield, Inc.*, No. 01 CIV 6637 (RMB)(AJP), 2002 WL 1751269, at *19 (S.D.N.Y. July 29, 2002) (finding employment contract that provided that the parties waived a trial by jury in any action "brought or asserted by either of the parties hereto against the other on any matters whatsoever arising out of this Agreement" applied to the plaintiff's discrimination claims).

[17] 2007 WL 2822518, at *20.

[18] *Id.*

[19] 2013 WL 2444720, at *3.

[20] *Id.*

8

relate to, or are connected with the Employment Agreement or Plaintiff's employment relationship with Defendant, as established by the Employment Agreement.

## VI.   WHETHER THE JURY TRIAL WAIVER PROVISION APPLIES TO CLAIMS BROUGHT AFTER TERMINATION OF THE EMPLOYMENT AGREEMENT

### A.   The Employment Agreement Terminated when Plaintiff's Employment Terminated

Plaintiff contends the jury trial waiver provision is not enforceable because the waiver did not survive termination of the Employment Agreement.  Preliminarily, Defendant disputes Plaintiff's assertion that the terms of the Employment Agreement have "expired" or "terminated." While admitting Plaintiff is no longer its employee, Defendant claims that she is still subject to various post-employment obligations under her Employment Agreement. For example, Plaintiff agreed that, during her employment and for a period of three years following the cessation of her employment, she would not solicit or divert business, engage in any cleaning service or similar or related business, or solicit Defendant's employees.[21]

Defendant's argument on this point places form over substance.  The heading to section 10 of the Employment Agreement reads:  "Termination. This *Agreement* may be terminated as follows." The next two subsections listed are "10.01. Termination Without Cause" and "10.02. Termination for Cause."[22]  In the complaint, Plaintiff alleges her employment was terminated in January 2015.  In its First Amended Answer, Defendant states it agreed to employ Plaintiff for an initial term of two years from October 1, 2014, unless the parties terminated the agreement in accordance with the provisions of Section 10 of the Employment Agreement.[23]  Defendant

---

[21] *See* Employment Agreement (ECF No. 11-5) § 5.1

[22] *Id.* at § 10 (emphasis added).

[23] Def.'s Am. Answer, ECF No. 44, ¶ 20.

further admits it notified Plaintiff her employment would be terminated "without cause" effective February 6, 2015, but then terminated her for "cause" effective January 14, 2015.[24] It is therefore undisputed Plaintiff's employment terminated in January 2015.

The Court finds, pursuant to Section 10 of the Employment Agreement, when Defendant terminated Plaintiff's employment, the Employment Agreement terminated as well.  The fact, as Defendant notes, certain obligations expressly continued under the terms of the Employment Agreement after its termination does not alter the fact that the agreement terminated.

### B.     The Jury Waiver Provision is Enforceable in this Case

Defendant alternatively argues that the jury trial waiver is a continuing obligation that survives termination of the Employment Agreement.  It argues that the jury waiver provision applies without limitation and without regard to when such a claim related to Plaintiff's employment is initiated.  Defendant contends any argument that the parties did "not" intend the dispute resolution provisions in the Employment Agreement, including the jury trial waiver provision, to govern all disputes relating to the Employment Agreement and Plaintiff's employment strains credibility. Under Plaintiff's theory, Defendant contends this Court would be required to accept the nonsensical proposition that the parties intended for the dispute resolution provisions in the Employment Agreement to apply only to disputes not significant enough to warrant termination of Plaintiff's employment.

Neither party cites a case which addresses the specific question presented here. That is, whether a knowing and voluntary jury trial waiver provision in an employment contract is enforceable after termination of the employment contract. Independent research by the Court likewise revealed no authority addressing this precise issue.

---

[24] *Id.* at ¶ 36.

Defendant urges the Court to adopt the reasoning of the courts that have found "[d]ispute resolution provisions presumptively survive termination of a contract."[25]  The Court declines to adopt such a presumption with regard to the jury trial waiver in this case.  While the Supreme Court has applied this presumption to the survivability of arbitration clauses, the Court finds compelling differences between arbitration clauses and jury waiver clauses. Most significant among the differences is the policy in favor of arbitration, which contrasts with the policy against waiver of a party's right to trial by jury as guaranteed under the Seventh Amendment.[26] "Arbitration agreements are generally construed broadly in light of the [Federal Arbitration Act] policy that 'any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'"[27] This sharply differs from the Supreme Court's mandate that courts "indulge every reasonable presumption against waiver" of the right to trial by jury.[28]

Plaintiff cites two cases in support of her argument that the jury waiver provision did not survive termination of the Employment Agreement.[29] But the Court finds the cases cited by Plaintiff unavailing with respect to the specific issue presented here.  Neither case involved a

---

[25] *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 204 (1991) (arbitration clause survived expiration of remainder of agreement); *Marcotte v. Micros Sys., Inc.*, No. C 14-01372 LB, 2014 WL 4477349, at *9 (N.D. Cal. Sept. 11, 2014) (forum selection clause survived termination of the contract).

[26] *See Adelphia Recovery Trust v. Bank of Am., N.A.*, No. 05 CIV. 9050 (LMM), 2009 WL 2031855, at *12 (S.D.N.Y. July 8, 2009) (setting forth four reasons why "[l]egal doctrines from the realm of arbitration clauses should not be used in the context of whether a jury waiver survives a contract termination and how broadly it should be interpreted.").

[27] *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

[28] *Aetna*, 301 U.S. at 393.

[29] *All W. Pet Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co.*, 847 F. Supp. 858, 861 (D. Kan. 1994) and *Iron Mound, LLC v. Nueterra Healthcare Mgmt., LLC*, 298 Kan. 412, 421 (2013).

dispute over an employment contract, nor did either case involve the application or enforceability of a jury waiver provision. Notably, *All West* and *Iron Mound* addressed whether certain contractual rights and obligations continued after contract termination, not the question of whether a jury trial waiver continued after termination. Plaintiff has cited no case where the court declined to enforce a jury trial waiver on grounds that the waiver did not survive following termination of a party's employment contract.

The Court turns then to consideration of the Employment Agreement itself. "The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction."[30]

In this case, however, it is not clear from the jury waiver provision of the Employment Agreement whether the parties intended for the waiver to apply to claims brought after the agreement was terminated. Accordingly, the Court applies rules of construction to determine the intent of the parties to the contract.[31] The cardinal rule of contract construction requires the Court to construe all provisions together and in harmony rather than in isolation.[32]

> Contracts are to receive a reasonable construction to determine the intent of the parties at the time the contract was executed. The language of the contract is to receive a fair, reasonable, and practical construction. [A proper] construction of

---

[30] *Prairie Land Elec. Co-op., Inc. v. Kansas Elec. Power Co-op., Inc.*, 299 Kan. 360, 366 (2014).

[31] The Court recognizes that federal law governs Plaintiff's right to a jury trial in this case. *Simler*, 372 U.S. at 222.  The Court has applied federal regarding the basic right to jury trial and the knowing and voluntary waiver standard.  With respect to interpretation of the parties' Employment Agreement, the Court also applies Kansas state law as required by Section 12.03 of the Employment Agreement. *See* Employment Agreement § 12.03 ("It is understood and agreed that the construction and interpretation of this Agreement shall at all times and in all respects be governed by the laws of the State of Kansas.").

[32] *Decatur Cty. Feed Yard, Inc. v. Fahey*, 266 Kan. 999, 1005 (1999).

the contract is one that makes the contract fair, customary, and such as prudent persons would intend.[33]

As the Kansas Supreme Court noted in *Foltz v. Struxness*,[34] in finding a noncompete provision in an employment contract valid after termination of the contract:

> It is the duty of courts to sustain the legality of contracts in whole or in part when fairly entered into, if reasonably possible to do so, rather than to seek loopholes and technical legal grounds for defeating their intended purpose. It also has been said, and we think rightly, the paramount public policy is that freedom of contract is not to be interfered with lightly.[35]

Stated simply, "[t]he policy under Kansas law 'is to permit mentally competent parties to arrange their own contracts and fashion their own remedies.'"[36]

The Court has already determined that the subject jury waiver in the Employment Contract was entered into knowingly and voluntarily. The Court further finds the jury trial waiver is very broad in scope. It expressly extends to "*any* action involving, *directly or indirectly*, *any* matter (whether sounding in tort, contract, *or otherwise*) in *any* way *arising out of, related to, or connected with* [the] Agreement or *any ancillary agreement or the relationship established hereunder or thereunder*."[37] Considering the broad language of the waiver and the circumstances in this case, the fair, reasonable, and practical construction of the Employment

---

[33] *Weber v. Tillman*, 259 Kan. 457, 476 (1996).

[34] 168 Kan. 714, 721–22 (1950). *See also Weber*, 259 Kan. at 476. Although *Weber* and *Foltz* involved specifically noncompete agreements included in or related to employment contracts and, therefore, restraint of trade and public policy considerations not at issue here, the Court finds them instructive relative to the contract principals to be applied to the jury waiver provision contained in the subject Employment Contract.

[35] *Foltz*, 168 Kan. at 721–22.

[36] *Retiree, Inc. v. Anspach,* No. 12-2079-JAR, 2014 WL 2986654, at *8 (D. Kan. July 2, 2014) (quoting *United Tunneling Enter., Inc. v. Havens Constr. Co., Inc*., 35 F. Supp. 2d 789, 794 (D. Kan. 1998)).

[37] Employment Agreement § 12.12 (emphasis added).

Agreement is that the parties did not intend this jury waiver provision, which is most likely to be triggered upon termination of the agreement, to be rendered unenforceable and meaningless upon termination.  Such an interpretation would be unreasonable and contradict what appears to be the intent of the parties by including the broad jury waiver in the Employment Agreement.

This conclusion is bolstered by the fact that this jury waiver provision was inserted in the Employment Agreement during negotiations in lieu of a broad arbitration provision which expressly applied, among other things, to the specific types of wrongful termination claims that Plaintiff now alleges. The Court finds that the broad language of the jury waiver provision shows the parties intended it also to extend to such wrongful termination claims, just as the arbitration provision it replaced. Finally, the Court's conclusion is supported by the fact that Plaintiff makes no argument the parties intended—at the time the Employment Agreement was negotiated and executed—that the jury waiver would not apply to employment-related claims brought after termination of the agreement.

The Court therefore finds that Plaintiff knowingly and voluntarily waived her right to a jury trial, the waiver provision applies to all three claims asserted by Plaintiff in this case, and the waiver is enforceable after termination of the Employment Agreement.  Plaintiff has therefore waived her right to a trial by jury, and her jury trial demand must be stricken.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Strike Plaintiff's Demand for Jury Trial (ECF No. 10) is GRANTED.  The Clerk's Office shall update the docket to reflect that the **June 5, 2017** trial docket setting before District Judge Julie A. Robinson will be a **court (non-jury) trial**.

IT IS SO ORDERED.

Dated this 11th day of August 2016, at Kansas City, Kansas.

        *s/ Teresa J. James*
        Teresa J. James
        United States Magistrate Judge